## SOUTHEAST BROACH CO., Inc. v. LEBOW, et al.
No. 78-10086.

Circuit Court, Broward County.

October 6, 1978.

Harry Ransburgh, Plantation, for the plaintiff.

Fred Feinstein, Fort Lauderdale, for the defendants.

STEPHEN R. BOOHER, Circuit Judge.

This cause came on for hearing June 19, 1978 on the plaintiff's motion for temporary injunction, and the court having considered the same, the testimony and exhibits of the parties, and the arguments and authorities of counsel; and having done extensive additional research and having viewed the property and the surrounding neighborhood; and being fully advised in the premises, it is, thereupon, ordered and adjudged as follows —

1. The prayer for a temporary injunction against the erection of a fence as proposed at the hearing — that is, a 10 foot high decorative green vinyl-coated chain link tennis fence, encroaching 10 feet into the required 15 foot rear setback and encroaching 12½ feet into the side setback area — is denied, but on the express conditions — (a) that such fence and the tennis court around which it is to be erected shall be erected as far toward the rear property line of the defendants' property as possible; and (b) that no vines or other covering be allowed to grow up or be placed upon such fence. Such denial is based on the testimony that the tennis court and fence shall not extend into the front portion of the defendant's property or beyond the front of the plaintiff's home, and that no planting or covering shall impede unnecessarily the flow of air and light from the defendants' to the plaintiff's property. If these conditions are complied with, the court finds that the proposed fence erection does not constitute a nuisance either in fact or in law.

2. The prayer for a temporary injunction to prevent the erection of the tennis court is denied, on the conditions stated in paragraph 1(a) hereof, and, on the further condition that the tennis court be used only in regular daylight hours and as quietly as possible, so as not to result in unnecessary intrusions upon the plaintiff's rights to privacy, undisturbed sleep of its residents, and the enjoyment of this property. If these conditions are complied with, the court finds that the proposed tennis court construction and use will not constitute a nuisance either in fact or in law.

3. The prayer for a temporary injunction to prohibit the installation of outdoor lighting is granted by stipulation, the defendants having agreed in open court that they would not install lighting around the court.

4. The prayer to enjoin temporarily the issuance of a building permit or a certificate of occupancy to defendants is denied.

5. The prayer for a temporary injunction to nullify the variance granted by the City of Plantation Board of Adjustment on April 6, 1978, is denied.

6. The prayer for other and further relief *pendente lite* is denied except as set forth in paragraphs 1(a), 1(b), 2 and 3.

7. If either party desires a final hearing to present further testimony, such party is directed to forthwith notify the court in order that the case may be brought at issue and a motion and order for final hearing can be presented and entered. If no such notification or application to the court is made within 20 days, this order shall upon application of the defendants be converted into a final judgment containing the same terms and provisions as above set forth.